IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GABRIEL AKOL KUOL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00174 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NADER HASSA, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

    Gabriel Akol Kuol, a Virginia inmate proceeding *pro se*, filed a civil action pursuant to 42 U.S.C. § 1983 against Nader Hassa. Having reviewed the complaint, I conclude that Kuol has failed to state a claim against Hassa and, therefore, I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Inasmuch as Kuol alleges no facts against, or conduct committed by, defendant Hassa, I conclude that he has failed to state a claim against Hassa. *See, e.g., Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (noting a plaintiff's basis for relief "requires more than labels and conclusions . . . ."). Accordingly, I will dismiss Kuol's complaint without prejudice pursuant to § 1915(e)(2)(B)(ii).[1]

    **ENTER**: This 29th day of April, 2016.

                                                               NORMAN K. MOON
                                                               UNITED STATES DISTRICT JUDGE

---

[1] To the extent Kuol is attempting to challenge a state criminal conviction, he is advised that such a claim is more appropriately raised in a habeas petition pursuant to 28 U.S.C. § 2254.